IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ASHLEY WEST, Individually and as Next Friend of TRAVIS WEST, Minor, Plaintiffs. | )<br>)<br>)<br>) |
| v. | ) Civil Action No. A-06-CA-22-LY |
| | ) |
| UNITED STATES OF AMERICA, Defendant. | )<br>) |

### ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

On this 12th day of December, 2007, the above-referenced matter came on for consideration and approval by the Court as to the reasonableness of a settlement between the United States of America and ASHLEY WEST, Individually and as Next Friend of TRAVIS WEST, Minor, Plaintiffs.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation For Compromise"), attached as Exhibit "A". The Court has reviewed the pleadings, the Stipulation For Compromise Settlement, the Travis West Trust, and the recommended approval by Attorney Ad Litem Jason S. Coomer. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement. The Court understands that this settlement is contingent upon the satisfaction of the terms and conditions set forth in Exhibit A, including the necessity of approval by the Attorney General of the United States and an Order approving the settlement on behalf of the minor, such approval having been obtained. The Court **FINDS** that this settlement is fair, reasonable, and in the best interests of Travis West, a minor.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the settlement, as set forth in Exhibit A, is hereby **APPROVED**. It is further **ORDERED** that Plaintiffs are expressly required, through their attorneys, to pay or resolve any and all liens or claims for payment or reimbursement arising out of the subject matter of this action, and through their attorneys, to provide to the United States the evidence that such liens or claims have been satisfied or resolved as required by the Stipulation for Compromise Settlement.

FURTHER, Plaintiffs must obtain from any state, private entity, or private individual who has or may have in the future a claim or cause of action against the United States (and its agents, servants, and employees) arising out of the subject matter of the above-captioned action a waiver and release of such claim and cause of action. For purposes of this **ORDER**, a claim or cause of action includes, but is not limited to, a claim or cause of action for reimbursement for any goods or services provided to the plaintiffs, and a claim or cause of action for contribution, indemnification, or subrogation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the settlement amount of Three Hundred Fifteen Thousand Dollars ($315,000.00) shall be distributed according to the terms and conditions of the Stipulation For Compromise. It is further **ORDERED** that attorneys' fees in this action shall be twenty-five percent (25%) of Three Hundred Fifteen Thousand Dollars ($315,000.00) and shall be paid as provided in the Stipulation For Compromise. The parties **AGREE** and the Court **HOLDS** that any of the fees for legal services incurred by plaintiffs, including attorney ad litem fees, incurred in this litigation or in obtaining any court approval of this settlement shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. §2678. It is hereby **ORDERED** that such attorneys' fees, costs and expenses are approved and are to be paid as provided in the Stipulation For Compromise and this Order. The

Court finds that plaintiffs are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or other governmental body or organization, or by any healthcare providers or others, arising out of the injury or injuries that are the subject matter of this action.

The Court hereby **ORDERS** the establishment of the Travis West Special Needs Trust and **ORDERS** counsel for Plaintiff to provide all necessary Trust documents to the Court for approval by separate order.

The Court hereby **ORDERS** plaintiffs, by and through their attorneys, to satisfy or resolve any and all such liens or claims for payment or reimbursement asserted by any individual or entity.

The Court further **ORDERS** that plaintiffs and their attorneys shall provide to the United States the evidence required by the Stipulation for Compromise regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation For Compromise.

The Court further **ORDERS** that plaintiffs' attorneys shall not distribute to plaintiffs any of the amount held in the attorneys' client trust account unless and until such liens or claims for payment or reimbursement have been satisfied or resolved.

**FURTHER**, subject to the terms and conditions set forth in this order, plaintiffs' attorneys agree to distribute the settlement amount to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of the Stipulation for Compromise and this Order. Plaintiffs' attorneys further agree that, immediately upon receipt of the settlement check from the United States Attorneys Office, they will file with the United States District Court for the Western District of Texas a dismissal of this action with prejudice, with each party bearing its own costs, expenses, and fees.

SIGNED ~~~~~~~~~~ this 12th day of December, 2007.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| *ASHLEY WEST, Individually and as* § <br> *Next Friend of TRAVIS WEST, Minor,* § <br> **Plaintiff,** § <br> § <br> v.     § Civil Action No. A-06-CA-22-LY <br> § <br> *UNITED STATES OF AMERICA,* § <br> **Defendant.** § | |

STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE OF FEDERAL TORT CLAIMS
ACT CLAIM PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs, and the United States of America, by and through their respective attorneys, and the structured settlement broker, as follows:

1. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of Three Hundred Fifteen Thousand Dollars ($315,000.00), to be distributed as set forth in Paragraph 7, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each

1

of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature arising from and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America and its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States.

4. This Stipulation for Compromise Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs, to include guardian ad litem fees, will be paid out of the settlement amount and not in addition thereto.

6. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

7. The United States agrees to pay the cash sums set forth below in Paragraph 7.a, and to purchase the annuity contracts described below in Paragraph 7.b.

    a. Within three business days after counsel of record for the United States receives (i) this Stipulation signed by all parties to said document; (ii) a Court Order approving the settlement on behalf of any legally incompetent or minor plaintiff; (iii) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; and (iv) dismissal of this action by the district court, Counsel for the United States will send a formal request to the Department of the Treasury requesting that the sum of Three Hundred Fifteen Thousand Dollars ($315,000.00) (hereinafter "settlement amount") to be expeditiously wired to the Trust Account of Mesirow Financial Structured Settlements (at ABN AMRO LaSalle, Chicago, IL, ABA Number: 071000505, Account Number: 5800980665). The parties acknowledge that payment from the Department of the Treasury may take approximately 6 - 8 weeks or more to process. Mesirow Financial Structured Settlements agrees to distribute the settlement amount, as provided below in Paragraphs 7.a. and 7.b., within five business days after Mesirow Financial Structured Settlements receives a notice from its bank that the settlement amount has been received into said Trust Account and has received from plaintiffs' counsel the wire transfer information necessary to distribute funds pursuant to Paragraph 7.a.i., below.

        i.    On behalf of plaintiffs, the cash sum of Two Hundred Twenty Five Thousand Dollars ($225,000.00) shall be paid to Plaintiffs and Plaintiffs' counsel of record, Jay Harvey, for attorney's fees and reasonable costs and litigation expenses ($104,176.23), establishment of the Travis West Medicaid Qualifying Trust ($95,084.10), payment of client's negotiated Medicaid lien ($18,239.67), reimbursement of advances to Ashley West ($3,850), payment to Ashley West ($1,150.00), and guardian ad litem fees ($2,500.00).

        b.    The sum of Ninety Thousand Dollars ($90,000.00) shall be used and applied to purchase an annuity contract that will provide the following periodic payments payable to Travis West:

        i.    $862.35 per month for life, nine (9) years certain, beginning twelve years (12) years, eleven (11) months from date of purchase. The final certain payment will be nine (9) years from commencement of benefit.

        ii.  In the event the cost of the periodic payments described in paragraph 7.b. has increased or decreased at the date of purchase, the monthly payment described in paragraph 7.b.i. shall be adjusted downward or upward to ensure the total amount applied to purchase the annuity contract is not more or less than Ninety Thousand Dollars ($90,000.00).

    8.    The parties agree that any attorneys' fees owed by the plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the settlement amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees) associated with obtaining any court approval of this settlement (which includes guardian ad litem fees) will be paid out of the amount paid pursuant to Paragraph 7.a.i., above, and not in addition

4

thereto. The parties agree that any fees for legal services incurred in the district court or in any court reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid pursuant to Paragraph 7.a.i., above, and not in addition thereto.

9. The Plaintiffs stipulate and agree that they are legally responsible for any and all liens or claims for payment or reimbursement, including any liens or claims by private insurance companies, Medicaid, or Medicare. Plaintiffs and their attorneys stipulate and agree that the plaintiffs, by and through their attorneys, will satisfy or resolve any and all liens or claims for payment or reimbursement asserted by any individual or entity before distributing to the plaintiffs any portion of the amount paid pursuant to Paragraph 7.a.i., above. The plaintiffs and their attorneys further agree that, no later than ninety (90) days from the date the United States wire transfers the settlement amount, plaintiffs' attorneys shall provide to the United States evidence that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims. The evidence required by the terms of this Paragraph may be satisfied by a letter from plaintiffs' attorneys representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimants have waived and released all such liens and claims.

10. In the event of the death of Travis West during any period specified herein, all remaining payments shall be made payable to the Estate of Travis West. Once reaching the age of majority, Travis West may request in writing, directed to the United States, a change in the beneficiary designation. The designation must be in a form acceptable to the United States before such payments are made.

11. The annuity contracts being purchased pursuant to this Paragraph 7.b. will be owned solely and exclusively by the United States and will be purchased through Mesirow Financial Structured Settlements as soon as practicable following the execution of this Stipulation. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

12. The parties stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation.

13. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

14. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address.

15. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

16. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

17. This Stipulation is specifically conditioned on approval of all the terms of this Stipulation by the United States District Court for the Western District of Texas, San Antonio, Division.

18. Plaintiffs' attorney agrees to obtain a dismissal of the above-captioned action with prejudice, with each side bearing its own fees, costs, and expenses except as provided herein. The guardian ad litem fees shall be paid from the cash proceeds of the settlement funds and not in addition thereto.

Executed this 7th day of December, 2007.

_____
Ashley West, individually and as parent
and next friend of Travis West, a minor
SS# 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

Executed this 9Th day of December, 2007.

_____
Tammy Gaskin
Trustee for Trust Estate of Travis West, a Minor

EMMETT L. WOFFORD
MY COMMISSION EXPIRES
November 18, 2011

Executed this 7th day of December, 2007,

                                              */s/ Jason S. Coomer*
                                              JASON S. COOMER
                                              TBN: 00793547
                                              Guardian Ad Litem
                                              For Travis West
                                              The Law Offices of Jason S. Coomer
                                              406 Sterzing, Second Floor
                                              Austin, Texas 78704
                                              (512) 474-1477
                                              Fax: (512) 474-1802

Executed this 11th day of December, 2007.

*[signature]*

Jay Harvey
Winckler and Harvey, L.L.P.
Attorneys for Plaintiffs
TIN# 09179600

Executed this 6/7TH day of December 2007.

/s/ James W. Jennings
_____
Harold E. Brown, Jr.
Assistant United States Attorney
James W. Jennings, Jr.
Assistant United States Attorney
Attorneys for Defendant United States of America

11

Executed this 11 day of Dec, 2007.

*Tom Walsh* (signature)

Thomas D. Walsh
Mesirow Financial Structured Settlements

12